UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANLEY WOFFORD,

    Plaintiff,

v.                                      07-CV-3008

JORGE MONTES,
Chairman of Prisoner Review Board,

    Defendant.

### **Merit Review**

The plaintiff, incarcerated in Pinckneyville Correctional Center, files this action challenging the imposition of mandatory supervised release after he serves his 20-year prison term.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary.  The Complaint already cogently set outs the claims.

The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

A Cook County Circuit Court sentenced Plaintiff to 20 years for second degree murder, a Class 1 felony.  www.idoc.state.il.us.  Twenty years is the statutory maximum term of imprisonment for this offense under 730 ILCS 5/5-8-1(a)(1.5)("for second degree murder, a term shall be not less than 4 years and not more than 20 years").  According to the IDOC website, Plaintiff's projected parole date is September 11, 2007, with discharge from parole two years later.

Plaintiff alleges that Defendant, through the Prisoner Review Board, tacked on two years of mandatory supervised release to his twenty year sentence.  He asserts the supervised release is unconstitutional because it extends his sentence beyond the judicially imposed sentence and

1

beyond the maximum sentence allowed by 730 ILCS 5/5-8-1(a)(1.5). He argues the extension violates his rights to due process and to a jury trial, and amounts to double jeopardy and a violation of the separation of powers. He seeks a declaratory judgment that mandatory supervised release cannot be imposed on him after he serves his 20 year term in prison (less good time).

Plaintiff's challenge goes to the validity of the length of his sentence. Challenges to the length of a sentence cannot proceed as an action under 42 U.S.C. § 1983 unless and until the sentence is otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This rule prevents an "end-run" around habeas corpus procedures:

> [A] section 1983 suit for damages that would 'necessarily imply' the invalidity . . . of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. . . . This 'favorable termination' requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief-challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.

*Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004), *quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(other citations omitted). Though Plaintiff does not ask for damages, his challenge is clearly to the length of his sentence. Right or wrong, mandatory supervised release is part of his sentence. 730 ILCS 5/5-8-1(d). Thus, this case will be dismissed without prejudice, meaning Plaintiff can refile the claim immediately as a habeas action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings. *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005). The court is not ruling on the merits of the claim.

The court hastens to add, however, that it is not saying Plaintiff has a viable habeas action or that he *should* file a habeas action. Plaintiff is advised to carefully consider the consequences of pursuing a habeas corpus action. For example, habeas actions have strict time limits and require prior exhaustion of state remedies. 28 U.S.C. § 2254(b)(1); *see also* Rule 9 governing 28 U.S.C. § 2254 cases. Pursuing a habeas action prematurely could bar later petitions regardless of merit. Additionally, a petition must show the sentence is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented . . . ." 28 U.S.C. § 2254; *see, e.g., Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006)(habeas petition denied–under AEDPA, petitioner did not have federal due process right, established by Supreme Court, to be notified before plea that a mandatory three-year term of supervised release would be added to sentence).

As already stated, the court is not ruling on the merits of Plaintiff's challenges, but notes for Plaintiff's benefit that 730 ILCS 5/5-8-1(d) requires a term of mandatory supervised release

to be added on to the sentence of imprisonment imposed:

> Except where a term of natural life is imposed, every sentence shall include as though written therein a term *in addition to the term of imprisonment*. . . . For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term.  Subject to earlier termination under Section 3-3-8[1], the . . . mandatory supervised release term shall be . . .(2) for a Class 1 felony, . . . 2 years . . . .(emphasis added).

*See also Owens v. Snyder*, 349 Ill.App. 3d 35 (1st Dist. 2004)(statute *requires* mandatory supervised release be added to imprisonment term; mandatory supervised release term cannot be stricken by courts).[2]

    IT IS THEREFORE ORDERED THAT, pursuant to the court's review under 28 U.S.C. § 1915A, the plaintiff's complaint is dismissed without prejudice.  All pending motions are denied as moot, and this case is closed.

    Entered this 22nd Day of February, 2007.

                            s\Harold A. Baker
                            _____
                                HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE

---

[1] 730 ILCS 5/3-3-8(b) states the Prisoner Review Board "may enter an order releasing and discharging one from parole or mandatory supervised release . . . when it determines that he is likely to remain at liberty without committing another offense."

[2] A person pleading guilty without knowledge of this additional term might be able to successfully argue in *state* court post conviction proceedings that the plea was not knowing and voluntary.  *See People v. Whitfield*, 217 Ill.2d 177 (2005); *cf. Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006)(habeas petition denied–under AEDPA, petitioner did not have federal due process right, established by Supreme Court, to be notified prior to his plea that a mandatory three-year term of supervised release would be appended to his sentence).